IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03059-M-RJ

| | | |
|---|---|---|
| ROBERT JEREMY HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER T. RICHARDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This cause is before the court on plaintiff's motion for default judgment against defendant Tyler J. Richards ("Richards"), Mot. [D.E. 103], and the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr., M&R [D.E. 131].

As discussed below, the court adopts in full the M&R, grants plaintiff's motion for default judgment against Richards, and awards plaintiff $15,000.00 in compensatory damages.

Relevant Procedural History:

On February 1, 2023, Robert Jeremy Haynes ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. [D.E. 1, 6, 9].

On February 28, 2023, the action was transferred to this court. Order [D.E. 3].

The court allowed the action to proceed against Richards and Daniel Deas ("Deas"). Order [D.E. 11]. Deas answered the complaint [D.E. 27], but Richards did not. The court directed Richards to answer, warning him that failure to do so may result in an entry of default and default judgment, Order [D.E. 29], but Richards again failed to answer the complaint.

On July 8, 2024, plaintiff moved for entry of default as to Richards. Mot. [D.E. 63]. The court granted this motion, see Order [D.E. 96], and the clerk entered the default [D.E. 98].

Deas moved for summary judgment, Mot. [D.E. 82], and plaintiff responded [D.E. 93].

On March 6, 2025, plaintiff moved for default judgment as to Richards. Mot. [D.E. 103].

On July 28, 2025, the court, *inter alia*, granted Deas' motion for summary judgment, dismissed the action without prejudice as to Deas, and referred plaintiff's instant motion for default judgment to Judge Jones for an evidentiary hearing and recommendation on damages. See Order [D.E. 108].

Judge Jones appointed attorneys Elliot Sol Abrams and Erin Wilson of Cheshire Parker Schneider, PLLC, to provide *pro bono* representation related to the hearing, Order [D.E. 113], and plaintiff filed a counseled memorandum in support of his motion for default judgment [D.E. 125].

Judge Jones conducted the evidentiary hearing on December 11, 2025, see Tr. [D.E. 132], and issued the instant M&R on February 23, 2026, [D.E. 131]. No party objected to the M&R.

Legal Standard:

Once default has been entered under Federal Rule of Civil Procedure 55(a), Rule 55(b)(2) authorizes the court to enter default judgment against a properly served defendant who fails to file a timely responsive pleading. Fed. R. Civ. P. 55(a), (b)(2). By his default, a defendant admits the well-pleaded facts alleged in the complaint as to liability. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

To determine whether to enter default judgment, the court decides if the admitted facts support the claim alleged and the relief sought. See id. at 780. Once liability is established, the court then makes an independent determination on damages. See id. at 780-81; see also Etters v. Shanahan, No. 5:09-CT-3187-D, 2013 WL 787344, at *4 (E.D.N.C. Feb. 6, 2013) ("After a court determines . . . that a judgment by default should be entered, it must determine the amount and

2

character of the recovery that should be awarded." (citations omitted)), <u>report and recommendation</u> <u>adopted</u>, No. 5:09-CT-3187-D, 2013 WL 792834 (E.D.N.C. Mar. 4, 2013).

The court may conduct a hearing to determine damages, <u>see</u>, <u>e.g.</u>, <u>E.E.O.C. v. Carter Behav.</u> <u>Health Servs., Inc.</u>, No. 4:09-CV-122-F, 2011 WL 5325485, at *6 (E.D.N.C. Oct. 7, 2011), <u>report</u> <u>and recommendation adopted</u>, No. 4:09-CV-122-F, 2011 WL 5325473 (E.D.N.C. Nov. 3, 2011), but the damages awarded, "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); <u>see</u> <u>In re Genesys Data Techs, Inc.</u>, 204 F.3d 124, 132 (4th Cir. 2000), <u>certified question answered</u>, 95 Haw. 33, 18 P.3d 895 (2001).

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); <u>see</u> 28 U.S.C. § 636(b). Absent a timely objection, however, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," <u>Diamond</u>, 416 F.3d at 315 (quotation omitted), and the court need not give an explanation for adopting the M&R, <u>see</u> <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983).

Discussion:

Plaintiff's surviving Eighth Amendment excessive force claim as to Richards involves both an objective and a subjective component. <u>Brooks v. Johnson</u>, 924 F.3d 104, 112 (4th Cir. 2019). "The objective component asks whether the force applied was sufficiently serious to establish a cause of action." <u>Id.</u> The force used must be "nontrivial," <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 39 (2010) (per curiam), or more than "*de minimis*," <u>Hudson v. McMillian</u>, 503 U.S. 1, 10 (1992).

3

"[T]he subjective component . . . asks whether the officers acted with a sufficiently culpable state of mind." Brooks, 924 F.3d at 112 (internal quotation marks and citation omitted). The relevant "state of mind required . . . is 'wantonness in the infliction of pain.'" Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008) (quoting Whitley v. Albers, 475 U.S. 312, 322 (1986)).

After reviewing the evidence, Judge Jones found that plaintiff satisfied both components of an Eighth Amendment excessive force claim against Richards and recommended that the court grant plaintiff's instant motion for default judgment. See M&R [D.E. 131] at 7–10.

Upon review of the M&R, the court finds no clear error on the face of the record and agrees with the unopposed findings and recommendations regarding liability and default judgment.

The court now turns to plaintiff's damages request. "[W]hatever the constitutional basis for § 1983 liability, such damages must always be designed 'to *compensate injuries* caused by the [constitutional] deprivation.'" Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306 (1986) (citation omitted); see Carrington v. Easley, No. 5:08-CT-3175-FL, 2011 WL 2132850, at *4 (E.D.N.C. May 25, 2011) (citing Price v. City of Charlotte, N.C., 93 F.3d 1241, 1254 (4th Cir. 1996), for the proposition that, "in determining the propriety and amount of compensatory damages, courts look to factors such as loss of esteem, physical injury, psychological counseling, loss of income, the degree of distress, the context of the underlying events, corroborative evidence, the nexus between the challenged conduct and distress, and mitigating circumstances.").

In the M&R, Judge Jones reviewed various comparable cases, recommended that an award of $15,000.00 in compensatory damages was sufficient, but not excessive, to compensate plaintiff for the injuries that Richards caused, but found that punitive damages were unavailable because plaintiff did not request them in his complaint. See M&R [D.E. 131] at 10–12.

4

Upon review of the M&R, the court again finds no clear error on the face of the record and agrees with the unopposed findings and recommendations regarding damages.

Conclusion:

In sum, the court: ADOPTS IN FULL the Memorandum and Recommendation [D.E. 131]; GRANTS the motion for default judgment as to Richards [D.E. 103]; DIRECTS the clerk to enter judgment in favor of plaintiff against Richards, awarding $15,000.00 in compensatory damages; and DIRECTS the clerk to close the case.

SO ORDERED this 11th day of March, 2026.

RICHARD E. MYERS II
Chief United States District Judge

5